**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1592
_____

SERGEI KOVALEV,
                              Appellant

v.

MEGHAN E. CLAIBORNE, In her individual capacity; PAULA WEISS, In her
individual capacity; YOLANDA KENNEDY, In her Individual Capacity;
AGOSTINO J. FANELLI, In his Individual Capacity; and CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00188)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2020

Before: AMBRO, PORTER and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 18, 2020)
_____

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sergei Kovalev filed suit against the City of Philadelphia ("the City") and three of its employees. Kovalev asserted in his complaint that trash-collection fees were improperly assessed against his property (a purported house of worship); that he attended an October 2015 hearing before the City's Office of Administrative Review (OAR)[1], and then a December 2015 hearing in front of the City's Tax Review Board (TRB)[2], to challenge those fees; that he received unfavorable decisions; and that his treatment by defendants during the administrative review process was tortious, unconstitutional, and retaliatory. The only claims of Kovalev's that survived dispositive motions—claims of First Amendment retaliation against two defendants who called the police to remove Kovalev from the receptionist area of a City office—fell short at the end of a three-day jury trial. Kovalev appealed, and we affirmed. See Kovalev v. City of Philadelphia, 775 F. App'x 72, 77 (3d Cir.) (per curiam), cert. denied sub nom. Kovalev v. City of Philadelphia, Pa., 140 S. Ct. 620 (2019).

Thereafter, Kovalev filed the suit at issue here. The City was named as a defendant, as were five of its employees, two of whom were defendants in the first action. As in that action, Kovalev alleged a number of indignities he purportedly suffered during administrative hearings in 2015. But the through line for his claims this go-round was an

---

[1] According to Kovalev, the OAR is an "illusionary creation constructed and maintained by the City of Philadelphia on the conflicts of interest and under false pretenses of 'awarding' to citizens some 'rights' that absolutely do not exist in real life." ECF 2 at 5.

[2] According to Kovalev, "almost all, if not to say all" of the TRB's members are ethically compromised by financial incentives. ECF 2 at 7.

assertion that the defendants had produced a falsified document during discovery in the prior action and then used it as evidence at trial. See ECF 2 at 12 ("[The OAR Hearing Master]'s regular notes were specifically tampered with [after-the-fact] inclusion of fraudulent and falsified handwriting representing the words, 'T. P. Nasty. Used Profanity'. Such fraudulent writings can be interpreted as 'Taxpayer Nasty. Used Profanity'.").

Acting sua sponte, the District Court dismissed Kovalev's new complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The District Court determined that Kovalev failed to plausibly plead a First Amendment retaliation claim based on the allegedly fraudulent document because, inter alia, it was prepared before Kovalev had even filed the prior action. The District Court also determined that Kovalev failed to plausibly plead a due process claim, as he had been given multiple opportunities to evaluate and challenge that allegedly fraudulent document during the prior action; that Kovalev's conspiracy allegations were too conclusory to satisfy the pleading standard; and that Kovalev failed to plausibly plead a Monell[3] claim against the City. The District Court declined to exercise supplemental jurisdiction over Kovalev's state law claims. Dismissal of Kovalev's complaint was with prejudice and without leave to amend, as the District Court determined that any amendment would be futile.

Kovalev timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and our review of a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. See Allah v

---

[3] See generally Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978).

3

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review the decision to decline leave to amend for abuse of discretion but review the District Court's "determination that amendment would be futile" de novo. U.S. ex. rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

The cornerstone of Kovalev's claims is his assertion that the OAR Hearing Master's regular notes were falsified.  The District Court was not obligated to accept that conclusory assertion as true, cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and the claims that it supported were implausible or legally defective regardless.  For those reasons, in addition to the analysis set forth in the thorough opinion on review, the District Court did not err in dismissing Kovalev's complaint with prejudice and, on futility grounds, without leave to amend.  Accordingly, we will affirm.